**JAMES J. DIPIETRO**

*Attorney at Law*

186 JORALEMON STREET
BROOKLYN, NEW YORK 11201

(718) 875-4207
FAX (718) 875-1717
JJD25ESQ@aol.com

September 2, 2011

The Honorable Jack B. Weinstein
United States District Court
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Attn</u>: June P. Lowe, Case Manager

Re: <u>**U.S. v. Anthony Vecchione, et al.**</u>
**10-CR-697 (JBW)**

Dear Judge Weinstein,

    Please allow this letter to provide this Court with additional financial information relating to Anthony Vecchione and the government's proposed "Order of Restitution". I am hopeful this additional information will be an aid to the Court in advance of our scheduled September 9, 2011 court appearance on the issue of restitution.

    The government aptly notes that Anthony Vecchione and his spouse have a reported net worth of $286,700. See PSR para 97. What is not reflected in the government's financial data pertaining to Anthony Vecchione is his net worth is based almost entirely on the "equity" remaining in his residence which is jointly owned with his wife.

    Mr. and Mrs. Vecchione have only $3,600 in their joint checking accounts and $12,000 each in their respective IRA accounts. See PSR para 97. The probation report also reveals that the Vecchione family had to obtain a "joint home equity loan of $156,734 in addition to their outstanding mortgage of $289,266. See PSR para 97.

JAMES J. DIPIETRO

The Vecchione's have six children ages 12, 11, 7, 6, 4, and 1. Anthony's widowed mother Delores, age 77, lives and is cared for by the defendant and his wife. She suffers from diabetes, high blood pressure, and Multisystem Atrophy Disorder, a rare degenerative disease similar to Parkinson's disease. See PSR para 62. Anthony himself has a long history of heart disease, including recent triple by pass surgery. His heart condition has been previously detailed to this Court in the defendant's Presentence Memorandum and at the defendant's sentencing hearing held before Your Honor.

The government has also neglected to inform Your Honor that paragraph 98 of the PSR reveals that based on this family's current monthly income and expenses they have a _negative_ monthly cash flow of $5,041.00 See PSR para 98. The probation officer has also concluded that Anthony is "unable to pay a fine". See PSR para 101.

Against this financial backdrop Anthony Vecchione understands his responsibility to pay restitution as a result of his guilty plea. It appears to counsel for Mr. Vecchione that restitution payments for Anthony Vecchione should commence upon him being placed on probation or supervised release at a rate of 15% of his monthly income. See Government's Restitution Schedule B (based on this defendant's current monthly income). To suggest that Anthony Vecchione make a lump sum payment of $286,700 is just simply impossible based on this defendant's financial status as detailed in his PSR.

As Your Honor is aware on August 12, 2011, one day after his sentencing hearing before this Court, Anthony surrendered to FCI Fort Dix to commence a 15 month jail sentence (to be followed by 1 year of home detention and 2 years of supervised release) for his related Southern District case concerning Gryphon Financial.

2

JAMES J. DIPIETRO

In conclusion, the government's proposed Order of Restitution, in its present form, regarding Anthony Vecchione should not be approved by this Court for the reasons set forth herein.

Respectfully submitted,

James J. DiPietro
Counsel for Anthony Vecchione

cc: AUSA Roger A. Burlingame (by ECF)
    AUSA Patrick Sean Sinclair (by ECF)